NOTICE OF OBJECTION TO CONFIRMATION

DITECH FINANCIAL LLC has filed papers with the Court to object to the Confirmation of the Chapter 13 Plan.

**<u>Your rights may be affected</u>.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to object to the Confirmation of the Chapter 13 Plan, or if you want the Court to consider your views on the Objection, then on or before, you or your attorney must:

File with the Court an answer, explaining your position at:
**Clerk
U.S. Bankruptcy Court
50 Walnut Street, 3rd Floor
Newark, NJ 07102**

If you mail your response to the Court for filing, you must mail it early enough so that the Court will *receive* it on or before the date stated above.

You must also mail a copy to:

| | |
|---|---|
| PHELAN HALLINAN DIAMOND & JONES, PC | MARIE-ANN GREENBERG, TRUSTEE |
| 1617 JFK BOULEVARD, SUITE 1400 | 30 TWO BRIDGES ROAD, SUITE 330 |
| PHILADELPHIA, PA 19103 | FAIRFIELD, NJ 07004 |

Attend the hearing scheduled to be held on 08/15/2019 in the NEWARK Bankruptcy Court, at the following address:
**U.S. Bankruptcy Court
50 Walnut Street, 3rd Floor
Newark, NJ 07102**

If you or your attorney do not make these steps, the Court may decide that you do not oppose the relief sought in the Objection and may enter an Order granting that relief.

Date: July 23, 2019

<u>/s/ Nicholas V. Rogers</u>
Nicholas V. Rogers, Esq.
Phelan Hallinan Diamond & Jones, PC
1617 JFK Boulevard, Suite 1400
Philadelphia, PA 19103
Tel: 856-813-5500 Ext. 42689
Fax: 856-813-5501
Email: nicholas.rogers@phelanhallinan.com

**File No. 827533**
Phelan Hallinan Diamond & Jones, PC
1617 JFK Boulevard
Philadelphia, PA 19103
856-813-5500
FAX Number 856-813-5501
DITECH FINANCIAL LLC

| | |
|---|---|
| In Re:<br><br>SONYA MCMILLAN<br><br><br>Debtor | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY NEWARK VICINAGE<br><br>Chapter 13<br><br>Case No. 19-17063 - VFP<br><br>Hearing Date: 08/15/2019 |

The undersigned, Phelan Hallinan Diamond & Jones, PC, attorneys for Secured Creditor, DITECH FINANCIAL LLC, the holder of a Mortgage on Debtor's residence located at 5 JEFFERSON ST APT 3 CLIFTON, NJ 07014-1593 hereby objects to the Confirmation of the Debtor's proposed Chapter 13 Plan on the following grounds:

1. Secured Creditor is in the process of drafting and filing a Proof of Claim. The approximate arrears are $21,745.72.

2. Debtor's Plan fails to cure the delinquency pursuant to 11 U.S.C. §1322(b)(5). A copy of the Debtor's Plan is attached hereto as Exhibit "A" and made a part hereof.

3. Debtor's Plan currently provides for payment to Secured Creditor in the amount of $10,960.00.

4. Secured Creditor objects to Debtor's Plan as it is underfunded. Debtor's Plan should be amended to fully fund the arrears owed to Secured Creditor. Absent a modification by the Debtor, confirmation of Debtor's proposed Plan should be denied.

      WHEREFORE, DITECH FINANCIAL LLC respectfully requests that the Confirmation of Debtor's Plan be denied.

                                              <u>/s/ Nicholas V. Rogers</u>
                                              Nicholas V. Rogers, Esq.
                                              Phelan Hallinan Diamond & Jones, PC
                                              1617 JFK Boulevard, Suite 1400
                                              Philadelphia, PA 19103
                                              Tel: 856-813-5500 Ext. 42689
                                              Fax: 856-813-5501
                                              Email: nicholas.rogers@phelanhallinan.com

Dated: July 23, 2019

# EXHIBIT A

STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.

**2** Valuation of Security   **0** Assumption of Executory Contract or Unexpired Lease   **2** Lien Avoidance

---

Last Revised September 1, 2018

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

IN RE:                                                                                          Case No. _____

                                                                                                Judge _____

**McMillan, Sonya** _____
                                             Debtor(s)

### CHAPTER 13 PLAN AND MOTIONS

[X] Original                            [ ] Modified/Notice Required              Date: **April 8, 2019**

[X] Motions Included                    [ ] Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

> **The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

[ ] DOES [X] DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

[X] DOES [ ] DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

[X] DOES [ ] DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: **DLW**        Initial Debtor: **SM**            Initial Co-Debtor:

| Part 1: Payment and Length of Plan |
|---|
| a. The debtor shall pay $ **250.00** per **month** to the Chapter 13 Trustee, starting on **April 15, 2019** for approximately **60** months. |
| b. The debtor shall make plan payments to the Trustee from the following sources:<br>[X] Future Earnings<br>[ ] Other sources of funding (describe source, amount and date when funds are available): |
| c. Use of real property to satisfy plan obligations:<br>[ ] Sale of real property<br>    Description:<br>    Proposed date for completion: _____<br><br>[ ] Refinance of real property<br>    Description:<br>    Proposed date for completion: _____<br><br>[ ] Loan modification with respect to mortgage encumbering property<br>    Description:<br>    Proposed date for completion: _____ |
| d. [ ] The regular monthly mortgage payment will continue pending the sale, refinance or loan modification. |
| e. [ ] Other information that may be important relating to the payment and length of plan: |

| Part 2: Adequate Protection [ ] NONE |
|---|
| a. Adequate protection payments will be made in the amount of $ **None** to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor). |
| b. Adequate protection payments will be made in the amount of $ **1,350.00** to be paid directly by the debtor(s) outside the Plan, pre-confirmation to **Ditech Financial, LLC** (creditor). |

| Part 3: Priority Claims (Including Administrative Expenses) |
|---|
| a. All allowed priority claims will be paid in full unless the creditor agrees otherwise: |

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **Law Office of Dionne Wade** | **Administrative Expense** | **1,190.00** |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
[X] None
[ ] The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| **None** | | | |

| Part 4: Secured Claims |
|---|

**a. Curing Default and Maintaining Payments on Principal Residence: [ ]NONE**
The Debtor shall pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| **Ditech** | 5 Jefferson St Apt 3, Clifton, NJ 07014-1593 | 20,000.00 | 2.50% | 10,960.00 | 1,632.38 |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: [X] NONE**
The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| **None** | | | | | |

**c. Secured claims excluded from 11 U.S.C. 506: [X] NONE**
The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| **None** | | | | |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments [ ] NONE**
1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| **The Bank of New York, et al.** | 5 Jefferson St Apt 3, Clifton, NJ 07014-1593 | 56,000.00 | 205,000.00 | 205,000.00 | 0.00 | 0.00% | 0.00 |

3

| Wells Fargo Dealer Services | 2010 Volvo XC90 AWD | 6,060.02 | 4,039.00 | 0.00 | 4,039.00 | 4.00% | 4,463.00 |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

e. Surrender [X] NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| None | | | |

f. Secured Claims Unaffected by the Plan [X] NONE

The following secured claims are unaffected by the Plan:
**None**

g. Secured Claims to Be Paid in Full Through the Plan [X] NONE

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| None | | |

## Part 5: Unsecured Claims [ ] NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

___ Not less than $ _____ to be distributed *pro rata*
___ Not less than _____ percent
**X** *Pro Rata* distribution from any remaining funds

b. **Separately Classified Unsecured Claims** shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| None | | | |

## Part 6: Executory Contracts and Unexpired Leases [X] NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| None | | | | |

## Part 7: Motions [ ] NONE

NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, Notice of Chapter 13 Plan Transmittal, within the time and in the manner set forth in D.N.J. LBR 3015-1. A Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation must be filed with the Clerk of Court when the plan and transmittal notice are served.

a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** [ ] NONE
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| None | | | | | | | |

b. **Motion to Void Liens and Reclassify Claim from Secured to Completely Unsecured.** [ ] NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| The Bank of New York, et al. | 5 Jefferson St Apt 3, Clifton, NJ 07014-1593 | 56,000.00 | 205,000.00 | 205,000.00 | 0.00 | 0.00 |
| Wells Fargo Dealer Services | 2010 Volvo XC90 AWD | 6,060.02 | 4,039.00 | 0.00 | 4,039.00 | 2,021.62 |

c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** [X] NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| None | | | | | |

## Part 8: Other Plan Provisions

a. **Vesting of Property of the Estate**

   **X**  Upon Confirmation
   ___ Upon Discharge

b. **Payment Notices**

Creditors and Lessors provided for in Sections 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

c. **Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

5

    1) **Trustee Commissions**
    2) **Other Administrative Claims**
    3) **Secured Claims**
    4) **Lease Arrearages**
    5) **Priority Claims**
    6) **General Unsecured Claims**

    **d. Post-petition claims** The Standing Trustee [ ] is, **[X]** is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9: Modification [X] NONE

If this plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: _____

| Explain below **why** the Plan is being modified. | Explain below **how** the Plan is being modified. |
|---|---|
|  |  |

Are Schedules I and J being filed simultaneously with this Modified Plan?  [ ] Yes  **[X]** No

## Part 10: Non-Standard Provision(s): Signatures Required

    Non-Standard Provisions Requiring Separate Signatures:

    **[X]** NONE
    [ ] Explain here:


    Any non-standard provisions placed elsewhere in this plan are ineffective.

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, Chapter 13 Plan and Motions, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: _____
                Debtor

Date: _____
                Joint Debtor

Date:

Attorney for the Debtor(s)

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY, NEWARK DIVISION<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>827533<br>Phelan Hallinan Diamond & Jones, PC<br>1617 JFK Boulevard, Suite 1400<br>Philadelphia, PA 19103<br>856-813-5500<br>Attorneys for DITECH FINANCIAL LLC | |
| In Re:<br><br>Sonya McMillan | Case No: 19-17063 - VFP<br><br>Hearing Date: 08/15/2019<br><br>Judge: Vincent F. Papalia<br><br>Chapter: 13 |

## CERTIFICATION OF SERVICE

1. I, Kevin Luber:

   ☐ represent the _____ in the above-captioned matter.

   ☒ am the secretary/paralegal for Phelan Hallinan Diamond & Jones, PC, who represents DITECH FINANCIAL LLC in the above captioned matter.

   ☐ am the _____ in the above case and am representing myself.

2. On August 7, 2019 I sent a copy of the following pleadings and/or documents to the parties listed below:

   Objection to Plan

3. I hereby certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Dated: August 7, 2019            /s/ *Kevin Luber*
                                       Kevin Luber

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| SONYA MCMILLAN<br>5 JEFFERSON ST, APT 3<br>CLIFTON, NJ 07014-1593 | DEBTOR | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>(as authorized by the court *) |
| U.S. TRUSTEE<br>US DEPT OF JUSTICE<br>OFFICE OF THE US TRUSTEE<br>ONE NEWARK CENTER STE 2100<br>NEWARK, NJ 07102 | U.S. TRUSTEE | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>(as authorized by the court *) |
| DIONNE L. WADE<br>1301 MAIN AVENUE 2ND FLOOR<br>CLIFTON, NJ 07011 | DEBTOR'S ATTORNEY | ☐ Hand-delivered<br>☒ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>(as authorized by the court *) |
| MARIE-ANN GREENBERG, TRUSTEE<br>30 TWO BRIDGES ROAD SUITE 330<br>FAIRFIELD, NJ 07004 | TRUSTEE | ☐ Hand-delivered<br>☐ Regular Mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other_____<br>(as authorized by the court *) |

\* May account for service by fax or other means as authorized by the court through the issuance of an Order Shortening Time.